IN WILKES SUPERIOR COURT, JULY TERM, 1832.

## C. DANIEL vs. J. G. ANDREWS.

### Debt.

THIS action was founded on a note of hand, couched in these words; " On the 25th day of December next, I promise " to pay Cunningham Daniel, two hundred and fifty dollars " in money, or small notes on John G. Andrews, for value re-" ceived."

When the note was produced, the defendant excepted to it, on the ground that it was not a promissory note according to the British authorities. That by these authorities, two properties were imparted to promissory notes, that did not belong to other instruments; viz. that consideration was implied, and negotiability conferred. That in the present case, if the instrument declared upon should be adjudged not to be a promissory note, the plaintiff would have to prove the consideration, which he could not do, because there was none. That the judiciary act of 1799, makes notes for specific articles or other things negotiable, but does not declare them promissory notes, nor give them the privileges of promissory notes, except as to negotiability; and does not impart to them the implication of consideration. No act of assembly, since the act of 1799, makes any innovation of the provisions of that act.

By the court. It is true that deeds or bonds and promis-

*The legislature of Georgia, in making promissory notes negotiable, whether given for money or other thing, ipso facto made them exempt from the necessity of proving consideration.*

WILKES,
July, 1832.

DANIEL
v.
ANDREWS.

sory notes are the only contracts in which it is unnecessary to state and prove a consideration. 2 Blk. Com. 446. It is also true, that the statutes of this State do not, *eo nomine*, make notes for specific articles, promissory notes within the statute of Ann., but they recognize promissory notes for specific articles, and other things besides, for the payment of money, and make them negotiable under the rules and regulations applicable to promissory notes. What is the reason why the statute of Ann. places promissory notes on an equal footing with specialties? Promissory notes and specialties are at the extremes of written agreements. The one the highest and most solemn act that is performed by an individual, and the other in the lowest class. What is the reason of the law for placing these two instruments upon the same level? The reasons of the legislature were manifestly different. Specialties imply consideration on account of their dignity, and the deliberation and solemnity with which they are executed. Promissory notes imply consideration for the benefit of commerce. They are in fact considered a species of circulating medium, and have been so treated by writers in commercial countries. It would utterly disqualify them from subserving the interest of commerce, if every indorsee or holder into whose hands they might come, should be required to prove the consideration upon which they had been given. It is then the very essence of a negotiable paper, that its consideration should be implied. The legislature of this State in making promissory notes negotiable, whether given for money or other thing, *ipso facto* made them promissory notes, and exempted them from the necessity of proving consideration. The objections are overruled.